Mr. Dwight Fisher, Secretary-Treasurer Arkansas Board of Dispensing Opticians 105 Central Avenue Searcy, Arkansas 72143
Dear Mr. Fisher:
This is in response to your request for an opinion on several questions concerning Act 589 of 1981 (A.C.A. 17-88-101 et seq.), and the Rules and Regulations of the Arkansas Board of Dispensing Opticians. You have asked five questions which involve, generally, whether "offices" and employees of licensed optometrists or physicians skilled in disease of the eye are subject to the provisions of Act 589 of 1981. Your questions will be set out below and answered in the order posed.
 1. Is an office which engages in ophthalmic dispensing which is owned by an Arkansas licensed optometrist or physician skilled in disease of the eye subject to the provisions of Act 589 of 1981?
It is my opinion that the answer to this question is "no". The act does not specifically govern "offices", but rather "office" of a licensed optometrist or a physician skilled in disease of the eye is staffed with employees of the optometrist or physician, it is my opinion that A.C.A. 17-88-103 (b) and (c) exclude these "offices" from regulation under the Act. That statute provides:
 (b) Nothing in this chapter shall prohibit an employee of an Arkansas licensed optometrist or an Arkansas licensed physician skilled in disease of the eye from performing any of the acts described in 17-88-102 (1) when the acts are performed in the office of an Arkansas licensed optometrist or an Arkansas licensed physician skilled in disease of the eye. The employees are not required to be registered or licensed under the provisions of this chapter.
 (c) The provisions of this chapter shall not apply to licensed optometrists or physicians skilled in disease of the eye, except as stated in this chapter. . . . [Emphasis added.]
It is thus my opinion, based upon the language above, that "offices" of licensed optometrists and physician skilled in disease of the eye are not subject to the provision of Act 589 of 1981.
Your second question is as follows:
 Is the employee of an Arkansas licensed optometrist or physician skilled in disease of the eye required to be licensed or registered or apprenticed by the Arkansas Board of Dispensing Opticians if that person engages in ophthalmic dispensing?
The answer to this question is clearly "no", in light of the last sentence of A.C.A. 17-88-103(b) which is set out above.
Your third question is as follows:
 Are the offices owned by Arkansas optometrists or physicians skilled in disease of the eye subject to the provisions of Act 581 requiring branch office permits?
Your question refers to A.C.A. 17-88-404 (Supp. 1989), as amended by Act 966 of 1987. Section (a) of that statute provides:
 (a) No licensed or registered dispensing optician or other person in this state shall establish more than two (2) ophthalmic dispensing branch offices in addition to his principle office unless he shall have first secured a branch office permit from the board.
A question arises as to the language "or other person in this state" used in the above section. The question is whether this language refers to licensed optometrists and physicians skilled in disease of the eye, such that they would need a permit before establishing more than two branch offices. It is my opinion that it does not. Clearly, under A.C.A. 17-88-103(c), these professionals are not subject to "this chapter" (meaning chapter 88 of Title 17 of the Code) except as stated in that chapter. Thus, they are not subject to 17-88-404(a) unless it is stated that they are. It is my opinion that by using the words "or other person in this state", the legislature is not otherwise "stating" that these professionals are subject to 404(a). The language "or other person in this state" in my opinion refers to other persons who are neither licensed opticians, optometrists, nor physicians. It is my opinion that the language used is not so clearly expressed as to overcome the exemption for optometrists and physicians listed in 17-88-103(c).
Your fourth question is as follows:
 Is the branch office owned by an Arkansas licensed optometrist or physician skilled in disease of the eye required to have physically present within the place of business at all times such services are made available to the public a licensed or registered dispensing optician?
Your question refers to A.C.A. 17-88-404(c) (Supp. 1989), which provides:
 (c) All businesses providing retail ophthalmic dispensing services, as defined in 17-88-102(1), to the public must have physically present a licensed or registered dispensing optician within the place of business at the time the services are provided.
Article 8, Section A of the Rules and Regulations of Arkansas Board of Dispensing Opticians provides that:
 All businesses which are subject to the provision of Act 589 of the Acts of Arkansas 1981 must have physically present within the place of business at all times such services are made available to the public a licensed or registered dispensing optician.
As can be seen from the rule above, the Board has interpreted the statute to apply only to "businesses which are subject to . . . Act 589 of . . . 1981". As stated previously, the businesses of licensed optometrists and physicians skilled in disease of the eye are not subject to the provisions of Act 589 of 1981; and thus they are not subject to A.C.A. 17-88-404(c), which requires the physical presence of a dispensing optician during business hours. It is my opinion that this conclusion follows from the language of the statutes, as well as the Rules and Regulations of the Board.
Your fifth and final question is as follows:
 Is the office, branch office, or employee of an Arkansas optometrist or physician skilled in disease of the eye excluded from regulation by the Rules and Regulations of the Arkansas Board of Dispensing Opticians and Act 589 of Arkansas?
In my opinion, the answer to this question is "yes". Your fifth question is simply the converse of all your previous questions, and as can be seen by reference to the answers given above, it is my opinion that the answer to this question is "yes". These offices and employees and the professionals themselves are not subject to Act 589 of 1981 as it is currently worded, nor are they subject to the Rules and Regulations of the Board.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.